UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DANIEL B. BOWEN, )<br>　)<br>　Plaintiff(s), )<br>　)<br>v. )<br>　)<br>KILOLO KIJAKAZI, )<br>Acting Commissioner of the Social )<br>Security Administration, )<br>　)<br>　Defendant(s). ) | Case No. 4:21-cv-01258-SRC |

**Memorandum and Order**

Daniel Bowen suffers from a history of a right-leg fracture, right-elbow dislocation, right-hand fracture, and other medical conditions that no doubt cause significant obstacles in both his work and personal life. He requests judicial review, under 42 U.S.C. § 405(g), of the final decision of the Commissioner of Social Security denying his application for disability insurance benefits under Title II, 42 U.S.C. §§ 401–434 of the Social Security Act. The Court affirms the Commissioner's decision.

**I.    Procedural history**

Bowen filed a Title II application for disability benefits on November 8, 2019, Tr. 10, 165–66. The Social Security Administration initially denied his application on February 26, 2020, deciding that he was not disabled. Tr. 10, 117–21. Bowen then requested reconsideration on March 27, 2020 and was again denied on April 27, 2020. Tr. 10, 122–28. On May 05, 2020, Bowen requested a hearing before an Administrative Law Judge. Tr. 10, 129–30. The ALJ held the hearing via telephone on January 19, 2021, due to the COVID-19 pandemic. Tr. 10, 33–67. After the hearing, the ALJ denied Bowen's application in a decision dated February 9, 2021. Tr.

7–26.  On August 17, 2021, the Appeals Council denied Bowen's request for review.  Tr. 1–4.  Thus, the ALJ's decision stands as the final decision of the Commissioner.  *See* 20 C.F.R. §§ 404.900(a)(5), 416.1400(a)(5).

## II.     Decision of the ALJ

The ALJ concluded that Bowen had "not been under a disability within the meaning of the Social Security Act from October 10, 2019, through the date of [the ALJ's] decision." Tr. 11.  While the ALJ noted that Bowen met the Social Security Act's requirements for insured status, the ALJ determined that Bowen had not engaged in substantial gainful activity since his alleged onset date of October 10, 2019.  Tr. 13.  The ALJ found that Bowen had severe impairments—including history of right-leg fracture, right-elbow dislocation and ligament tear, and right-hand fracture—significantly limiting his ability to perform basic work activities.  Tr. 13.  The ALJ also identified other, non-severe, impairments.  Tr. 13.  The ALJ found that Bowen did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  Tr. 16.

The ALJ also assessed a residual functional capacity (RFC) to perform light work under 20 C.F.R. § 404.1567(b).  Tr. 16.  *See* 20 C.F.R. §§ 404.1529, 416.929.  After reviewing the record—including medical opinions and prior administrative medical findings—the ALJ noted that Bowen "is able to use the right, dominant hand to assist with lifting and carrying; occasionally push, pull, handle, finger, and feel with the right, dominant hand; frequently climb ramps and stairs; never climb ladders, ropes, or scaffolds; and occasionally stoop, kneel, crouch, and crawl."  Tr. 16.  The ALJ found that Bowen "is able to perform work that requires work-related exposure to no more than moderate vibration, such as that involved in the use of circular

2

saw, angle grinder, or similar tools; and no more than occasional work-related exposure to extreme cold, such as experienced while working in a commercial freezer." Tr. 16.

Under the expedited process outlined in 20 C.F.R. § 404.1520(h), the ALJ did not look at past relevant work due to insufficient information about Bowen's past relevant work. Tr. 21. After considering the vocational expert's testimony and Bowen's age, education, past work experience, and RFC, the ALJ found that Bowen can perform jobs that exist in significant numbers in the national economy. Tr. 21. Thus, the ALJ concluded that Bowen was not under a disability from October 10, 2019, through the date of the ALJ's decision. Tr. 21. Bowen appeals, arguing that the ALJ did not properly evaluate the medical opinion of Greggory Kuhlmann, DO, the physical consultative examiner. Doc. 9 at pp. 4–9.

**III.   Legal standard**

A disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant has a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" § 1382c(a)(3)(B).

The Commissioner follows a five-step sequential process when evaluating whether the claimant has a disability. 20 C.F.R. § 416.920(a)(1). First, the Commissioner considers the claimant's work activity. If the claimant is engaged in substantial gainful activity, the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a severe "impairment [that] significantly limits [the] claimant's physical or mental ability to do basic work activities." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *see also* 20 C.F.R. § 416.920(a)(4)(ii). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *see also* 20 C.F.R. §§ 416.920(c), 416.920a(d).

Third, if the claimant has a severe impairment, the Commissioner considers the impairment's medical severity. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. § 416.920(a)(4)(iii), (d).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, the Commissioner assesses whether the claimant retains the "residual functional capacity" (RFC) to perform his or her past relevant work. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.945(a)(5)(i). An RFC is "defined as the most a claimant can still do despite his or her physical or mental limitations." *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011); *see also* 20 C.F.R. § 416.945(a)(1). While an RFC must be based "on all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations," an RFC is nonetheless an "administrative assessment"—not a medical assessment—and therefore "it is the responsibility of the ALJ, not a physician, to determine a claimant's RFC." *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016). Thus, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). Ultimately, the claimant is responsible for

4

*providing* evidence relating to his RFC and the Commissioner is responsible for *developing* the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. § 416.945(a)(3) (emphasis added). If, upon the findings of the ALJ, it is determined that the claimant retains the RFC to perform past relevant work, he or she is not disabled. 20 C.F.R. § 416.920(a)(4)(iv).

Fifth, if the claimant's RFC does not allow the claimant to perform past relevant work, the burden of production to show the claimant maintains the RFC to perform work that exists in significant numbers in the national economy shifts to the Commissioner. *See Brock v. Astrue*, 674 F.3d 1062, 1064 (8th Cir. 2012); 20 C.F.R. § 416.920(a)(4)(v). If the claimant can adjust to other work that exists in significant numbers in the national economy, the Commissioner finds the claimant not disabled. 20 C.F.R. § 416.920(a)(4)(v). If the claimant cannot adjust to other work, the Commissioner finds the claimant disabled. *Id.* At Step Five, even though the *burden of production* shifts to the Commissioner, the *burden of persuasion* to prove disability remains on the claimant. *Hensley*, 829 F.3d at 932.

If substantial evidence on the record as a whole supports the Commissioner's decision, the Court must affirm the decision. 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id*. Under this test, the court "consider[s] all evidence in the record, whether it supports or detracts from the ALJ's decision." *Reece v. Colvin*, 834 F.3d 904, 908 (8th Cir. 2016). The Court "do[es] not reweigh the evidence presented to the ALJ" and will "defer to the ALJ's determinations regarding the credibility of testimony, as long as those

determinations are supported by good reasons and substantial evidence." *Id*. The ALJ will not be "reverse[d] merely because substantial evidence also exists in the record that would have supported a contrary outcome, or because [the court] would have decided the case differently." *KKC ex rel. Stoner v. Colvin*, 818 F.3d 364, 369 (8th Cir. 2016). The Eighth Circuit explained that "[w]e defer heavily to the findings and conclusions of the Social Security Administration." *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015) (quoting *Hurd*, 621 F.3d at 738) (internal quotations omitted).

**IV.   Discussion**

Bowen argues that the Court should remand, alleging that the ALJ failed to properly evaluate the medical opinion of the physical consultative examiner, Greggory Kuhlmann, DO, under 20 C.F.R. § 404.1520. Doc. 9 at 4–9. Bowen, first, argues that the ALJ impermissibly "cherry picked" from Dr. Kuhlmann's findings when finding some elements persuasive but others as unpersuasive. *Id.* at p. 5–6. Then, Bowen claims that the ALJ did not sufficiently explain how he considered the supportability and consistency factors in the decision. *Id.* at 6–8. Bowen finally claims that the ALJ also "cherry picked" from other medical opinion evidence pertaining to Bowen's physical limitations—essentially "playing doctor." *Id.* at 8–9.

"A medical opinion is a statement from a medical source about what [a claimant] can still do despite [his] impairment(s) and whether [he] ha[s] one or more impairment-related limitations or restrictions . . . ." 20 C.F.R. §§ 404.1513, 416.9133(a)(2). ALJs must evaluate the persuasiveness of medical opinions and prior administrative medical findings in light of several factors, the most important of which are supportability and consistency with the record. 20 C.F.R. § 404.1520c(a). ALJs must explain how they considered the factors of supportability and consistency in their decisions but need not explain how they considered the other factors. 20

6

C.F.R. § 404.1520c(b)(2); *see also Bonnett v. Kijakazi*, 859 F. App'x 19, 20 (8th Cir. 2021). The supportability factor provides that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(1). The consistency factor states that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 416.920c(c)(1); *see Starman v. Kijakazi*, No. 20-cv-00035-SRC, 2021 WL 4459729, at *3 (E.D. Mo. Sept. 29, 2021).

Bowen argues that the ALJ impermissibly "cherry picked" portions of Dr. Kuhlmann's opinion to support the ALJ's finding of nondisability. Doc. 9 at pp. 5–6. Further, Bowen argues the ALJ did this without explaining the supportability or consistency of the ALJ decision, as is required when evaluating opinion evidence. *Id.* at pp. 6–8; 20 C.F.R. § 404.1520c(b)(2). Bowen emphasizes that the ALJ did agree with portions of Dr. Kuhlmann's opinion but ultimately rejected other portions because they were "vague and not a function-by-function assessment." Doc. 9 at p. 5; Tr. 19. Bowen argues that the ALJ's "one-sentence analysis of the supportability and consistency of Dr. Kuhlmann's opinion is woefully inadequate," faulting the ALJ's lack of specific analysis relating to these factors. Doc. 9 at 7.

When taking the medical evidence as a whole, the ALJ properly found that other evidence in the record supported some elements of Dr. Kuhlmann's opinion, but not all—thus, the unsupported elements were unpersuasive. Tr. 18–20. For example, the ALJ analyzed previous injury reports, rehabilitation evaluations, therapy progress records, follow-up

7

evaluations, and prior administrative medical findings. Tr. 17–20. In evaluating these, the ALJ found that Bowen was making progress in therapy. Tr. 18. Further, in Bowen's post-operative visit, his orthopedic surgeon, Dr. Wyrsch found Bowen had normal grip, as did Dr. Mitchell at a later follow-up. Tr. 18–19. When balancing the record as a whole, the ALJ identified medical evidence that supports and is consistent with his findings. This is true even though the ALJ found some portions of Dr. Kuhlmann's opinion as unpersuasive.

Bowen also argues that the ALJ was "playing doctor" when evaluating the medical opinions from the record. Doc. 19 at pp. 10–11. Bowen is correct that an "ALJ cannot 'play doctor,' meaning that the ALJ cannot draw improper inferences from the record or substitute a doctor's opinion for his own." *Adamczyk v. Saul*, 817 F. App'x 287, 289 (8th Cir. 2020) (citing *Pate-Fires v. Astrue*, 564 F.3d 935, 946–47 (8th Cir. 2009) ("[T]he ALJ's determination [that the claimant's] medical noncompliance is attributable solely to free will is tantamount to the ALJ 'playing doctor,' a practice forbidden by law."); *Lund v. Weinberger*, 520 F.2d 782, 785 (8th Cir. 1975) ("An administrative law judge may not draw upon his own inferences from medical reports.")). However, "[t]he interpretation of physicians' findings is a factual matter left to the ALJ's authority." *Id.* (quoting *Mabry v. Colvin*, 815 F.3d 386, 391 (8th Cir. 2016)).

Here, the ALJ was not "playing doctor" as Bowen claims. Doc. 19 at pp. 10–11. Rather, in finding Dr. Kuhlmann's opinion only partially persuasive, the ALJ acceptably pointed out that Dr. Kuhlmann's opinion was "vague and not a function-by-function assessment." Tr. 19, 945–57; *see* 20 C.F.R. § 404.1520c. Similarly, concerning the other medical opinions, "with regard to Plaintiff's use of his right dominant hand, particularly with regard to lifting, carrying, and manipulation," Doc. 9 at p. 8, the ALJ did not impermissibly "play doctor." The ALJ found that the medical consultants' limitations on lifting and carrying were "excessive and unsupported by

8

the [overall] medical evidence." Tr. 20.  To support this finding, the ALJ relied on the fact that one medical consultant failed to define Plaintiff's manipulative limitations and a later medical consultant failed to define the frequency of Bowen's manipulative limitations. *Id.*  This decision is within the ALJ's fact-finding authority. *See Adamczyk*, 817 F. App'x at 289.

Substantial evidence supports the ALJ's findings, and Bowen's "contentions that the ALJ should have weighed these facts differently or drawn different conclusions do not warrant relief under [the Court's] deferential standard of review."  *Hensley v. Colvin*, 829 F.3d 926, 934 (8th Cir. 2016).  In sum, the ALJ properly considered the supportability and consistency factors in finding Dr. Kuhlmann's opinion only partially persuasive, and substantial evidence supports this finding.

The Court notes that even if it found substantial medical evidence in the record supporting Dr. Kuhlmann's entire opinion, it cannot remand simply because the Court "would have reached a different conclusion than the ALJ or because substantial evidence supports a contrary conclusion."  *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016) (citing *Blackburn v. Colvin*, 761 F.3d 853, 858 (8th Cir. 2014)); *see also Goff v. Barnhart*, 421 F.3d 785, 789 (8th Cir. 2005) ("If, after reviewing the record, the court finds it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision.").  Rather, the Court must affirm if the ALJ's finding "falls within the available zone of choice[.]"  *Schouten v. Berryhill*, 685 F. App'x 500, 501 (8th Cir. 2017) (citation omitted).  Here, for the reasons outlined above, the ALJ properly found that parts of Dr. Kuhlmann's medical opinion lacked support and were inconsistent with the record, and substantial evidence supports the ALJ's finding.  Because such a finding "falls within the available zone of choice," *id.*, the ALJ permissibly found the opinion only partially persuasive.

9

V.   **Conclusion**

The Court's review is limited to determining whether the ALJ's findings are based on correct legal standards and supported by substantial evidence.  It does not substitute its own judgment for that of the ALJ.  *McNamara v. Astrue*, 590 F.3d 607, 610 (8th Cir. 2010) (citing *England v. Astrue*, 490 F.3d 1017, 1019 (8th Cir. 2007)).  Having found that substantial evidence supports the ALJ's conclusions and that the ALJ correctly applied the legal standards, the Court affirms the ALJ's decision.

Accordingly, the Court dismisses Bowen's [1] Complaint with prejudice.  A separate judgment accompanies this Memorandum and Order.

So Ordered this 3rd day of February 2023.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE